## Green's Estate

*Morris H. Gerber*, for petitioner.

*Robert B. Brunner*, for exceptant.

HOLLAND, P. J., September 25, 1941.—On March 6, 1939, William Green, surviving spouse of decedent, filed his petition claiming $5,000 allowance under section 2 of the Intestate Act of June 7, 1917, P. L. 429, from real estate specified in the petition, and requesting the appointment of two appraisers to make the necessary appraisement. By decree of the same date appraisers were appointed who filed their appraisement March 29, 1939, valuing one parcel at $2,300 and the others at $2,400. Thereupon notice was directed by

publication, which notice was so given and proof thereof filed May 1, 1939.

On August 28, 1939, Thelma Rothenberger, claiming to have the right of a natural child, filed three exceptions. The second and third exceptions object to the amount of appraisement as to each parcel, and contend that the appraisements are too low. As our disposal of the petition results in the appraisement being of no importance, we do not pass upon the second and third exceptions and dismiss them pro forma.

The first exception sets out an agreement of placement executed by and between the Children's Home Society of Pennsylvania and decedent, in her then name of Mary L. Pritchard, and her then husband, William G. Pritchard, on July 27, 1913, whereby the said Thelma Rothenberger (at that time Thelma Gallagher, she having since married), became in contemplation of law the natural child of decedent with all rights of a natural child in the property of decedent at the time of her decease. Decedent's first husband as aforesaid having died, she married the petitioner, William Green, who was her surviving husband.

A hearing was had upon the said petition and exception March 17, 1941.

The brief of counsel for exceptant which has been filed with the court states the facts of the case, the law applicable thereto, and the proper conclusions as to the disposition of the case. It would be superfluous for us to repeat them. . . .

The case of McDaniel's Estate, 305 Pa. 17 (1931), clearly controls the case. Exceptant is unquestionably in the position of a natural child of decedent and she, being the only child that survived decedent, is together with decedent's surviving husband entitled in equal shares to the estate of decedent. Furthermore, although decedent died intestate, she left, in contemplation of law, issue, wherefore the surviving spouse is not entitled to the $5,000 allowance as provided by section 2 of the Intestate Act of June 7, 1917, P. L. 429.